## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION OF DETENTION AND** |
| vs. | ) | **SETTING CONDITIONS OF RELEASE** |
| | ) | |
| Dustin Michael Pitman, | ) | Case No. 1:23-cr-176 |
| | ) | |
| Defendant. | ) | |

On April 4, 2024, the court issued an order detaining Defendant, finding that he had not presented evidence sufficient to rebut the presumption of detention and that the 18 U.S.C. § 3142(g) factors otherwise weighed in favor of detention. (Doc. No. 16).   Defendant is currently being housed at the Mountrail County Correctional Center in Stanley, North Dakota.

On May 8, 2024, Defendant filed a Motion to Reconsider Detention and Release from Custody.  (Doc. No. 19).  He advises that he has secured a placement in Providence House, a residential treatment program in Arnegard, North Dakota.  He requests to be released to Providence House staff  for transport to Providence House so that he can begin treatment.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."   18 U.S.C. § 3142(f)(2).

A placement at Providence House was not available to Defendant at the time of his detention hearing and has a material bearing on the issue of detention.. The court finds that a placement of Defendant at Providence House with additional conditions will reasonably assure both his

1

appearance at future proceedings and the community's safety. The court therefore **GRANTS** Defendant's motion (Doc. No. 19).

Defendant shall be released to Providence House staff at 9:00 AM on May 16, 2024, for transport to Providence House.  Defendant's release is subject to the following conditions:

(1)     Defendant shall not violate federal, state, tribal, or local law while on release.

(2)     Defendant shall appear in court as required and surrender for any sentence imposed.

(3)     Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)     Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)     Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)     Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(7)     Defendant shall reside at Providence House, fully participate in its programming, and comply with all of its rules and regulations.

(8)    Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Providence House OR to communicate with Providence House staff about his progress in the program.

Any passes allowed by Providence House must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Providence House's treatment program, he  must surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review his release status.

(9)    Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10)    Defendant shall not obtain a passport and other foreign travel document(s).

(11)    Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(12)    Defendant shall contact Pretrial Services Officer Skylar Soupir at (701) 530-2416 within 48 hours of his arrival at Providence House.

If Defendant cannot be transported to Providence House as anticipated on May 16, 2024, he shall

remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2024.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court